FILED & ENTERED

SEP 10 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re:                                              ) | CASE NO. 9:10-bk-10138-RR |
|                                                     ) | |
| Edwin Ingel Ingan and Jane          ) | Chapter 7 |
| Quines Ingan                              ) | |
|                                                     ) | Adv. No. 9:10-ap-01148 |
|                           Debtors.   ) | |
| _____) | ORDER DENYING MOTION FOR |
|                                                     ) | RELIEF FROM ORDER EXCLUDING |
| Joan Graham, as successor in   ) | TESTIMONY OF SHEPHERD |
| interest to Marian Eileen          ) | ROYLANCE |
| Kengel,                                     ) | |
|                                                     ) | No hearing set |
|                           Plaintiffs,  ) | |
| vs.                                               ) | |
|                                                     ) | |
| Edwin Ingel Ingan and Jane          ) | |
| Quines Ingan,                          ) | |
|                                                     ) | |
|                           Defendants. ) | |
| _____) | |

    The instant Adversary Proceeding, commenced on June 2, 2010,

objects to the discharge of the Debtor/Defendants under 11 U.S.C.

1

§727.  Trial is presently set for September 18 and 19, 2012.

     This Order addresses the third motion involving the testimony of Plaintiff's expert witness, Shepherd Roylance. On May 7, 2012, Defendants filed their first motion to exclude the testimony of Mr. Roylance.  The initial motion was denied, finding that Plaintiff's disclosure of the identity of her expert witness in March 2012, was timely under F.R.Civ.P. 26(a)(2)(D).  See Order entered May 23, 2012.

     Defendants' second motion to exclude the testimony of Mr. Roylance followed on July 6, 2012.  The second motion was granted, pursuant to F.R.Civ.P. 26(a)(2)(B) and 37(c)(1), finding that Plaintiff had failed to timely provide Mr. Roylance's written expert report to the Defendants after repeated efforts to obtain such report by Defendants' counsel.  See Order entered August 9, 2012.

     The instant motion filed by Plaintiff on August 16, 2012, essentially seeks reconsideration of the Court's August 9, 2012, Order excluding Mr. Roylance's testimony.

     As with the two prior motions, the Court once again finds the matter appropriate for consideration without a hearing.

     Plaintiff's motion seeks an "order pursuant to Rule 7060 of the Federal Rules of Bankruptcy Procedure, vacating and setting aside the Court's order . . ."  There is no Bankruptcy Rule 7060. F.R.Civ.P. 60 is made applicable to bankruptcy cases by Bankruptcy Rule 9024.  Under F.R.Civ.P. 60(b), a court may reconsider an earlier order or judgment upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing

party; (4) a void judgment; (5) a satisfied or discharged judgment;
or (6) any other reason that justifies relief.  F.R.Civ.P. 60(b);
School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5
F.3d 1255, 1263 (9th Cir. 1993); Fuller v. M.G. Jewelry, 950 F.2d
1437, 1442 (9th Cir. 1991).  Additionally, Local Bankruptcy Rule
9013-4 sets forth the grounds for a motion for new trial, a new
hearing, or amendment of a judgment.  Such grounds include, but are
not limited to irregularity in the proceedings, abuse of discretion,
accident or surprise, newly discovered material evidence, excessive
or inadequate damages, insufficiency of evidence, and errors of law.

The Court finds that Plaintiff's motion for reconsideration
lacks merit.  No excusable neglect has been demonstrated and no new
facts have been shown.

Plaintiff argues that she did not file opposition to
Defendants' second motion to exclude Mr. Roylance's testimony based
on her counsel's belief that the Court would set a hearing date
prior to ruling.  The contention is disingenuous.  The Court ruled
on Defendants' first motion to exclude the testimony without
conducting a hearing, notwithstanding that Defendants' first motion
was accompanied by a request for hearing and no opposition or
response had been filed.  The Court's Order denying Defendants'
first motion to exclude the testimony was entered 16 days after the
motion was filed, finding the matter appropriate for consideration
without a hearing.

Additionally, more than 30 days passed between the filing of
Defendants' second motion to exclude the testimony and the Court's
issuance of its August 9, 2012, Order, giving Plaintiff ample time

3

to file opposition, to notify this Court that it had belatedly produced the required report, to request a hearing, or to seek an extension of time for submitting the expert witness report. Instead, Plaintiff elected to take no action.  Prior Products, Inc. v. Southwest Wheel-NCL Co., 805 F.2d 543, 546 (5th Cir. 1986) ("An attorney has a responsibility to monitor proceedings with some degree of diligence.")

Plaintiff attempts to blame the Defendants' counsel for not self-calendaring the two prior motions.  Contrary to Plaintiff's argument, neither the first nor the second of Defendants' motions to exclude testimony could be self calendared since the motions did not fall within the categories specified in the Court's Self-Calendaring Instructions posted on the Court's website.  See Self-Calendaring Instructions for the Honorable Robin L. Riblet, Local Bankruptcy Rule 9013-1(b).

The events which purportedly caused a delay in delivering Mr. Roylance's report to Defendants' counsel do not constitute newly discovered evidence.  Defendants' second motion included a letter from Plaintiff's counsel, Mr. Nardoni, which stated, "The delay in sending Mr. Roylance's report to you has been occasioned by medical problems in the family of my cocounsel, Mr. Balisok.  I expect to send the report to you early next week."  Thus, the Court was aware of these facts when it considered the Defendants' second motion to exclude the testimony.

While Plaintiff is entitled to have the benefit of counsel of her choice, co-counsel's reliance upon Mr. Balisok to review and approve the required expert report was not reasonable under the

4

circumstances.  Plaintiff has simultaneously engaged three separate

attorneys from different firms in this adversary proceeding.  As

noted above, Mr. Nardoni knew of Mr. Balisok's unavailability no

later than June 29, 2012, the date of his letter to Mr. Rambuski.

Mr. Balisok's declaration attests that he was "emotionally and

physically" unable to work while being primary caregiver to his wife

between June 22 and July 5, 2012.  Ms. Moore, the third of

Plaintiff's three attorneys, stated in her declaration that she had

met with Mr. Roylance during the week of June 18, and that the work

needed to complete the expert report "was substantially completed

that week."  Notwithstanding the looming deadline for submitting the

report, Mr. Rambuski's repeated requests for the report, and the

unavailability of Mr. Balisok, Ms. Moore "forwarded a memorandum to

Mr. Balisok for his review, comment, and approval, before generating

the final report."  Given Plaintiff's concession that, "The opinions

expressed by Mr. Roylance in his report are substantially the same

as those in the proposed joint pretrial order filed on March 29,

2012," co-counsel's reliance upon Mr. Balisok for "necessary and

substantive feedback" during the period of time which Mr. Balisok

was knowingly unable to work was simply not reasonable.  Plaintiff's

counsel's delay in submitting the expert witness report is

especially egregious given that Plaintiff did not seek an extension

of the deadline for submitting the report from either opposing

counsel or the Court.

     Waiting until the week of June 18 to meet with Mr. Roylance to

finalize his expert witness report was not reasonable in the first

instance.  As stated in the August 9, 2012, Order of this Court,

5

under F.R.Civ.P. 26(a)(2)(B) and (D), the deadline for providing Plaintiff's expert report to the Defendants was June 20, 2012.  The governing rules should have been well known to Plaintiff's counsel since this Court referenced Rule 26 in denying Defendants' first motion to exclude the testimony.  "Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires." Rucinski v. Torian Plum Condominium Owners Assoc., Inc., 2010 WL 2985604 *2 (D. Col. 2010), citing Young v. City of Palm Bay, 358 F.3d 859, 864 (11th Cir. 2004).

Even if Plaintiff's three attorneys misunderstood the deadline under Rule 26, they were alerted to the expiration of the deadline on the following day by Mr. Rambuski's telephone call to Mr. Nardoni inquiring about the report.  Mr. Nardoni reported of his own illness and a busy law practice.  Written correspondence from Mr. Rambuski seven days later on June 28, 2012, once again put Plaintiff's counsel on notice of the expiration of the deadline for the report and fairly warned of Mr. Rambuski's intent to file a motion to exclude the testimony.  These undisputed facts -- waiting until the eleventh hour to meet with Plaintiff's expert witness, then further delaying the report by submitting it to unavailable co-counsel for comment, and failing to seek an extension of time through opposing counsel or the Court -- demonstrate nothing less than a complete disregard for compliance with the applicable rules.

The "new facts" cited in support of her motion for reconsideration belatedly inform the Court that the written expert

witness report was tendered on July 9, 2012, three days after Defendants' second motion to exclude the testimony was filed. Unfortunately, Plaintiff's counsel withheld this important information from the Court by choosing not to file opposition or to otherwise notify the Court of the belated compliance.  Consequently, the Court granted Defendants' second motion on August 9, 2012.  "A motion to reconsider may not be used to present a new legal theory for the first time *or to raise legal arguments which could have been raised in connection with the original motion*."  <u>In re Armstrong Store Fixtures Corp.</u>, 139 B.R. 347, 349 (Bankr. W.D. Pa. 1992), citing <u>Matter of Sisson</u>, 668 F.Supp. 1196, 1197 (N.D. Ill. 1983) (emphasis added).

As stated in the Order of August 9, 2012, F.R.Civ.P. 37(c)(1) provides that a party who fails to provide information or to identify a witness may be barred from using expert testimony not so disclosed, unless the failure to disclose was "substantially justified" or "harmless."  The decision of whether to admit or exclude evidence lies within the broad discretion of the trial court.  <u>Cantrell v. GAF Corp.</u>, 999 F.2d 1007, 1014 (6th Cir. 1993). The Court must balance fairness to the parties with the need to manage crowded dockets and consider a multiplicity of pertinent factors including the history of the litigation, the need for the challenged evidence, any justifications for the late disclosure, and the opponent's ability to overcome its adverse effects.  <u>Macaulay v. Anas</u>, 321 F.3d 45, 51 (1st Cir. 2003).

Plaintiff maintains that no prejudice will result in allowing Mr. Roylance to testify because Mr. Roylance was made available for

deposition and because Defendants submitted an expert witness disclosure of a rebuttal witness.  However, as Defendants explain in their opposition, Mr. Roylance was not made available for deposition until August 27, 2012, only 22 days before trial.  Due to the anticipated cost for an expedited deposition transcript, the need for and the expense of a rebuttal expert on very short notice, and most importantly, due to entry of the Court's August 9, 2012, Order excluding Mr. Roylance's testimony, Defendants elected to take the deposition off calendar.  Should the Court now reconsider and allow Mr. Roylance to testify, the Defendants will be substantially harmed through no fault of their own or that of their counsel.

> The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert, and to prepare for depositions and cross-examination at trial.  The Rule also prevents experts from "lying in wait" to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony. "[T]he very purpose of the rule is nullified" when an expert "supplements" his report by addressing a new matter after discovery has ended.  Rule 37(c)(1) provides for the exclusion at trial of any information not disclosed pursuant to Rule 26(a), unless the failure to disclose is harmless, or if there is substantial justification for such failure.

Iacangelo v. Georgetown University, 272 F.R.D. 233, 234 (D. D.C. 2011), citing Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 5-6 (D. D.C. 2005) and Coles v. Perry, 217 F.R.D. 1, 4 (D. D.C. 2003) [internal citations omitted].

At this late date, with trial scheduled for September 18 and 19, 2012, relief to Plaintiff cannot be afforded without continuing the trial dates, and forcing the Defendants to incur the costs of deposing Mr. Roylance and preparing for a rebuttal expert.  While

8

Plaintiff suggests the Court can readily continue the trial date,
this suggestion is not well taken given the Court's very congested
trial calendar.  The Court set the trial dates for a two-day trial
over five months in advance.  A continuance at this late juncture
prevents the Court from otherwise utilizing these valuable two days
of the Court's limited time for other productive purposes.  A
continuance will also work to further delay the Defendants'
entitlement to a fresh start under the Bankruptcy Code.  This
adversary proceeding is already 27 months old.

Undeniably, Plaintiff may be harmed by her counsel's failure to
submit the expert report in a timely fashion.  However, "clients
must be held accountable for the acts and omissions of their
attorneys."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507
U.S. 380, 396 (1993).

> Petitioner voluntarily chose this attorney as his
> representative in the action, and he cannot now avoid the
> consequences of the acts or omissions of this freely
> selected agent.  Any other notion would be wholly
> inconsistent with our system of representative litigation,
> in which each party is deemed bound by the acts of his
> lawyer-agent and is considered to have notice of all
> facts, notice of which can be charged upon the attorney.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. at 397,
citing Link v. Wabash R.Co., 370 U.S. 626, 633-34 (1962) [internal
quotations and citations omitted].

Moreover, denial of this motion for reconsideration does not
deprive Plaintiff of her right to trial on the merits.  While the
May 23, 2012, Order recognized a legitimate need for the challenged
expert evidence, the need for the challenged evidence is but one
factor the Court must consider.  The Court must balance fairness to
the parties with the need to manage its crowded docket.  It is also

required to consider the absence of substantial justification for the late disclosure and Defendants' inability to overcome the adverse effects of the tardy disclosure at this late juncture. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for relief from the Order excluding the testimony of Shepherd Roylance is DENIED.

///
///
///
///
///
///
///
///
///
///
///
///

DATED: September 10, 2012

_____
United States Bankruptcy Judge

**SERVICE LIST FOR ENTERED ORDER**

Counsel for Defendants
Edwin J. Rambuski, Esq.
1401 Higuera Street
P.O. Box 12503
San Luis Obispo, CA  93406

Counsel for Plaintiff
Jody Moore, Esq.
1429 E. Thousand Oaks Blvd, Suite 202
Thousand Oaks, CA  91362

Russell Balisok, Esq.
Balisok & Associates
330 No. Brand Blvd, Suite 702
Glendale, CA  91203

Silvio Nardoni, Esq.
535 North Brand Blvd, Suite 501
Glendale, CA  91203

Chapter 7 Trustee
Jerry Namba
504 East Chapel St.
Santa Maria, CA 93454

U.S. Trustee
Office of the U.S. Trustee Region 16
21051 Warner Center Lane, Ste 115
Woodland Hills, CA 91367

Brian Fittipaldi, Esq.
Office of the U.S. Trustee
128 East Carrillo Street
Santa Barbara, CA 93101